[Cite as *State v. Anthony*, 2021-Ohio-1755.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 2020CA00126 |
| | : | |
| CHARLES TERRELL ANTHONY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
Common Pleas, Case No. 2020CR0313

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      May 21, 2021

APPEARANCES:

For Plaintiff-Appellee:                              For Defendant-Appellant:

KYLE L. STONE                                        TY A. GRAHAM
STARK CO. PROSECUTOR                                 4450 Belden Village St. NW
VICKI L. DESANTIS                                    Suite 703
110 Central Plaza S., Ste. 510                       Canton, OH 44718
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Charles Terrell Anthony appeals from the August 7, 2020 Judgment Entry of conviction and sentence of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} The following evidence is adduced from the record of appellant's jury trial.

*Appellee's evidence*

{¶3} Jane and Mary Doe are sisters; at the time of trial, Jane Doe was age 16 and Mary Doe was age 19. The sisters presently live with their mother ("Mother") and younger siblings in Stark County, but when they were younger the family moved around a lot. For a time when the girls were in elementary school, they lived with their great-grandmother ("Great-Grandmother") in the Bexley Townhomes in Plain Township, Ohio. Mother lived elsewhere during this time, but the girls remained in Plain Township so they could attend Plain schools.

{¶4} Appellant is the son of Great-Grandmother and the uncle of Mother. He is therefore the great uncle of Jane and Mary. While the girls lived with Great-Grandmother, appellant visited regularly.

{¶5} The townhome Great-Grandmother lived in had a full basement consisting of a main area, laundry room, and half-bathroom.

{¶6} In the spring of 2019, Jane Doe disclosed to a friend that appellant sexually abused her when she was a child and living with Great-Grandmother. The friend advised Jane to seek therapy to deal with her feelings surrounding the disclosure. Jane began to see a therapist and told the therapist about the sexual abuse. The therapist, a mandatory

reporter of child abuse, called the Children's Network hotline in Stark County and reported Jane's allegations.

{¶7} A joint investigation was initiated between a social worker from Children's Services, Deputy Von Spiegel of the Stark County Sheriff's Department, and a pediatric nurse practitioner from the Stark County CARE Center.

{¶8} Jane Doe disclosed that when she was in kindergarten or first grade, and less than 10 years old, she came home from school and needed to use the bathroom. She ran downstairs to use the basement bathroom, and when she attempted to exit the room, appellant stopped her and said she wasn't allowed to leave until she touched his penis. Appellant was clothed but his pants were down. Appellant made Jane touch his penis with her hands and placed his penis in her mouth.

{¶9} This was the only incident of sexual abuse Jane recalled, although she remembers that appellant was always "touchy" and made her uncomfortable. She disclosed the abuse to her therapist because she was angry at herself that she couldn't do anything to stop it, and eventually understood she was a child and not at fault.

{¶10} Jane's disclosure to the therapist resulted in Children's Services visiting Mother and advising her of the allegations. During the ensuing investigation, Mother and Deputy Von Spiegel asked Mary Doe if anything occurred with appellant. Mary Doe testified that she felt she could disclose now, too, because her younger sister did so first, and her sister was not alone.

{¶11} Mary disclosed that when she was around eight years old and in approximately fourth grade, she recalled appellant making Mary and Jane watch him in the basement while he masturbated to climax. Once, appellant pulled down Mary's pants

and put his mouth on her vagina. Finally, Mary recalled an incident which occurred in the living room, when appellant told her he had candy in his pocket. Mary reached into his pocket and there was no candy; appellant had a hole in his pocket and made her touch his penis.

{¶12} Mary was over the age of 18 when she disclosed the abuse so the Children's Services portion of the investigation did not include her; the forensic interview and medical examination were utilized for Jane because she was a minor. Both sisters disclosed the abuse to the investigating social worker, and Jane disclosed the abuse to the nurse practitioner who examined her.

{¶13} Deputy Von Spiegel investigated the allegations and contacted appellant to ask for his side of the story. Appellant avoided Von Spiegel and left voice messages for the deputy claiming the deputy couldn't call back because appellant didn't know his own cell phone number.

*Defense case*

{¶14} Appellant called one defense witness, his sister ("Sister"). Sister testified that Great Grandmother is now 90 years old and is not in a position to testify. Sister testified that Great Grandmother lived in the Bexley Townhomes between 2008 and 2011, and during that time Mother and the sisters lived in Georgia because the extended family visited them there. Sister never saw any conduct between appellant and the children that she found to be alarming.

*Secret indictment, trial, conviction, and sentencing*

{¶15} Appellant was charged by secret indictment with two counts of rape pursuant to R.C. 2907.02(A)(1)(b)(B), both felonies of the first degree [Counts I and II],

and two counts of gross sexual imposition pursuant to R.C. 2907.05(A)(4)(C)(2), both felonies of the third degree [Counts III and IV]. Counts I and III related to Jane Doe; Counts II and IV related to Mary Doe. Appellant entered pleas of not guilty and the matter proceeded to trial by jury. Appellant was found guilty as charged upon counts II, III, and IV, and the jury further found that the victims were under the age of 13. Appellant was found not guilty upon Count I.

{¶16} The trial court sentenced appellant to an aggregate prison term of 20 years to life.

{¶17} Appellant now appeals from the judgment entry of his convictions and sentence.

{¶18} Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶19} I. APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶20} "II. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST THE APPELLANT FOR THE OFFENSE OF RAPE, A VIOLATION OF [R.C.] 2907.02."

{¶21} "III. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

**ANALYSIS**

**I., II.**

{¶22} Appellant's first and second assignments of error are related and will be considered together. Appellant argues his conviction upon one count of rape of Mary Doe is not supported by sufficient evidence and is against the manifest weight of the evidence.[1] We disagree.

{¶23} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶24} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must

---

[1] Appellant was found not guilty upon Count I, rape of Jane Doe. Appellant does not challenge his convictions upon Counts III and IV, G.S.I. against Jane and Mary Doe.

be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶25} Appellant was found guilty upon one count of rape of Mary Doe pursuant to R.C. 2907.02(A)(1)(b)(B), a felony of the first degree. The jury further made a special finding that Mary Doe was under the age of 13 at the time of the offense. R.C. 2907.02(A)(1)(b) states, "No person shall engage in sexual conduct with another * * * when any of the following applies: [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." R.C. 2907.01(A) defines "sexual conduct" in pertinent part as * * * cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."

{¶26} As acknowledged by appellant in his brief, Mary Doe testified appellant placed his mouth "on" her vagina. Brief, 6-11. Specifically, appellant argues the evidence appellant placed his mouth "on" the victim's vagina is insufficient to establish the element of sexual conduct. Appellant implies there must be some insertion or penetration to accomplish rape by means of cunnilingus. We note, however, that intercourse by means of penetration, cunnilingus, and intercourse each constitute "sexual conduct" in the disjunctive. In other words, "cunnilingus" does not include elements of insertion or penetration.

{¶27} We thus find the act described by the victim sufficiently describes an act of forcible cunnilingus. *State v. Nian*, 5th Dist. Delaware No. 15CAA070052, 2016-Ohio-5146, ¶ 29 [victim testified appellant held her thighs and "placed his mouth on her vagina"], citing *State v. Dippel,* 10th Dist. Franklin No. 03AP–448, 2004–Ohio–4649 [psychological and physical force applied when adult "engaged in cunnilingus" with child victim]. It is well-established that the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216. We are mindful, moreover, that "[c]orroboration of victim testimony in rape cases is not required." *State v. Meeks*, 5th Dist. No. 2014CA00017, 2015-Ohio-1527, 34 N.E.3d 382, ¶ 81, appeal not allowed, 143 Ohio St.3d 1543, 2015-Ohio-4633, 40 N.E.3d 1180, citing *State v. Cuthbert,* 5th Dist. Delaware No. 11CAA070065, 2012-Ohio-4472, 2012 WL 4474720, ¶ 28 and *State v. Johnson,* 112 Ohio St.3d 210–217, 2006-Ohio-6404, 858 N.E.2d 1144, at ¶ 53. Appellant's conviction upon one count of rape is supported by sufficient evidence, i.e. the testimony of Mary Doe that appellant placed his mouth "on" her vagina.

{¶28} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175. The jury neither lost its way nor created a miscarriage of justice in convicting appellant upon one count of rape, and appellee presented evidence of his guilt beyond a reasonable doubt. Appellant's first and second assignments of error are overruled.

III.

{¶29} In his third assignment of error, appellant argues he received ineffective assistance of defense trial counsel. We disagree.

{¶30} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶31} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶32} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶33} Appellant alleges he received ineffective assistance of defense trial counsel in several instances, and we will examine each in turn.

{¶34} The first three instances of alleged ineffective assistance are similar, and appellant alleges defense trial counsel failed to object to inadmissible hearsay testimony. Mother testified she learned of the sexual abuse allegations when Jane Doe disclosed to a counselor; a social worker testified that Jane Doe described the sexual abuse to her in two interviews; and Deputy Von Spiegel testified Jane Doe told him she thought something happened to her sister. Appellant argues the cited testimony was inadmissible, objectionable hearsay offered for the truth of the matter asserted. We disagree.  In the context of each witness' testimony, the fact that Jane Doe disclosed the abuse to each witness explains why the witness took certain actions afterward, such as the next steps in the investigation.

{¶35} A statement is not hearsay when offered for a purpose other than to prove the truth of the matter asserted. *State v. Moore*, 5th Dist. Coshocton No. 14CA0028, 2016-Ohio-828, ¶¶ 74, citing *State v. Davis,* 62 Ohio St.3d 326, 343, 581 N.E.2d 1362 (1991). Testimony about the disclosures by Jane Doe to the other witnesses was necessary to explain why those witnesses took certain actions. The statements are akin to a police officer's testimony explaining the steps taken in an investigation. *Moore*, supra, 2016-Ohio-828 at ¶ 75, citing *State v. Tanner,* 5th Dist. Muskingum No. CT2003–0005, 2003–Ohio–6866, ¶ 12 [officer's testimony regarding what he was told by a witness was not offered to prove the truth of the matter asserted and explained the steps taken in the officer's investigation, especially when the witness herself testified and her testimony was the same]; *State v. Bound,* 5th Dist. Guernsey No. 03 CA 21, 2004–Ohio–6530, ¶ 34 [information officer discovered as a result of his conversation with witness was merely part of his criminal investigation and not hearsay].

{¶36} We therefore conclude that defense trial counsel did not err in failing to object to the cited non-hearsay testimony.

{¶37} Next, appellant argues defense trial counsel should have objected to the social worker's testimony that the sexual abuse was "substantiated." Appellee asked the social worker whether she is required to close each case with a disposition, and the social worker responded in the affirmative. When asked the disposition of this case, the social worker said "substantiated" and explained the disposition was premised upon multiple similar disclosures to professionals, the medical diagnosis of the nurse practitioner, and the corroboration of each sister that the other was abused. Appellant argues defense trial counsel should have objected to the cited testimony as inadmissible hearsay, but we again find the testimony is not hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted. Evid.R. 801(C). In this instance, the evidence is the social worker's conclusion reached in her own investigation.

{¶38} The admission of unfavorable evidence at trial does not establish ineffective assistance of counsel. All evidence is prejudicial to the opposing party in the sense that all evidence is unfavorable to the party against whom it is introduced. *State v. Kilbarger*, 5th Dist. Fairfield No. 13-CA-64, 2014-Ohio-4949, ¶ 39. Defense trial counsel may have sought not to draw further attention to the unfavorable outcome of the Children's Services investigation, and upon cross-examination focused upon deficiencies in the investigation. We recognize tactical decisions, such as whether and when to object, ordinarily do not give rise to a claim for ineffective assistance. *State v. Miner*, 2020-Ohio-5600, 164 N.E.3d 512, ¶ 24 (5th Dist.), citing *State v. Johnson,* 112 Ohio St.3d 210, 2006-Ohio-6404, 858

N.E.2d 1144, ¶ 139–140. Thus, "[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel." *State v. Holloway,* 38 Ohio St.3d 239, 244, 527 N.E.2d 831 (1988).

{¶39} Appellant next argues counsel was ineffective in failing to object to Von Spiegel's testimony that he called appellant several times and left business cards for him, asserting this was improper commentary on appellant's right to remain silent. The Ohio Supreme Court has held "that use of a defendant's pre-arrest silence as substantive evidence of guilt violates the Fifth Amendment privilege against self-incrimination." *State v. Shaffer*, 5th Dist. Richland No. 2003-CA-0108, 2004-Ohio-3717, ¶ 19, citing *State v. Leach*, 102 Ohio St.3d 135, 807 N.E.2d 335, 2004–Ohio–2147 (2004).  We find there was no such motive involved in eliciting the cited testimony.  Defense trial counsel argued the investigation of the sisters' allegations was insufficient because no one got appellant's side of the story or attempted to speak to other family members. Defense trial counsel built upon the cited testimony by Von Spiegel to show that he should have made a stronger effort to speak to appellant, and elicited from Von Spiegel upon cross-examination that it was not uncommon for an alleged perpetrator not to speak to him and appellant was entitled not to do so.  T. 147-148.

{¶40} Finally, appellant cites Mary Doe's testimony that appellant made Mary and Jane watch while he masturbated, arguing this was irrelevant evidence of unindicted bad acts which trial counsel should have objected to. We find that even if counsel erred in failing to object to the testimony, there is no reasonable probability that, but for the failure to object, appellant would have been acquitted. *Strickland,* 466 U.S. at 694.

{¶41} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶42} Appellant's three assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.